# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RONETTE ROBINSON,

    Plaintiff,

v.                                      Case No. 06-4042-SAC

MEDEVAC MIDAMERICA, INC.,
AMERICAN MEDICAL RESPONSE
        Defendant.

_____

## **PROTECTIVE ORDER**

      The parties to this action agree and stipulate that discovery in this matter should be conducted pursuant to a Protective Order to protect defendants' confidential proprietary business and financial information and confidential financial and personnel information pertaining to the Plaintiff and to others not a party to this action. Defendant requires this Protective Order to also prohibit the disclosure of confidential medical information of persons not parties to this litigation who received treatment, care and/or transport by defendant. Therefore, upon Stipulation of the parties and for good cause shown, it is hereby **ORDERED** as follows:

      1.      No confidential medical information of persons not a party to this action who received treatment, care and/or transport by defendant shall be disclosed. To the extent documents responsive to any Requests for Production contain confidential medical information of persons not a party to this action, defendant will redact any confidential medical information. Nothing contained in this or any other provision of this Stipulated Protective Order shall constitute a waiver of defendant's right to object to disclosure of confidential medical information of persons not a party to this action.

2. <u>Marking of Designated Materials</u>.  The documents the parties reasonably believe are protected against unauthorized disclosure or use shall be marked by placing the legend "CONFIDENTIAL," or an equivalent marking on each page of the document.  All materials to be so designated shall be marked prior to the provision of a physical copy thereof to the receiving party.  If such materials have been produced to any other party, the party producing such material shall notify the other party immediately upon entry of this Order that such document shall be marked and deemed "CONFIDENTIAL" under the terms of this Order.  Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, and shall thereafter treat the information as if it has been designated "CONFIDENTIAL," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order and, if such information has previously been disclosed to persons not qualified pursuant to this Order take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally designated.

3. <u>Good Faith Designation of "CONFIDENTIAL" Materials</u>.  Plaintiff shall have the right to designate as "CONFIDENTIAL" any materials he believes, in good faith relates to plaintiff's income.  Defendant shall have the right to designate as "CONFIDENTIAL" any materials it reasonably believes in good faith constitute personnel files regarding non-parties or contain commercially sensitive proprietary and/or trade secret business or financial information.  Defendants shall further have the right to redact any information contained in its files constituting confidential medical information regarding treatment, care and/or transport of any persons not a party to this action.  Defendants will also redact the following from any documents produced: the names, addresses, social security numbers or any

-2-

other information identifying persons not a party to this litigation receiving treatment, care and/or transport from defendant.

      4.    <u>Restriction on Disclosure and Use of Designated Materials</u>.  No materials designated confidential shall be disclosed to any person or entity except as set forth in this Order.  No person shall use any material designated confidential for any purpose other than to assist in preparation for trial of this action.  No copies designated material shall be made except by, or on behalf of the Court or its staff or attorneys or plaintiff *pro se*.

      5.    <u>Filing of Documents Under Seal</u>.  The parties are not authorized to file under seal any documents containing information subject to this Order without express leave of Court after the party's motion requesting leave to file such documents under seal and demonstrating good cause for the request.  Any filing of documents under seal, with leave of the Court, shall comply with all local and/or federal rules pertaining to filing of documents under seal.

      6.    <u>Access to Confidential Materials</u>.  Information designated as confidential shall not be provided, shown, made available or communicated in any way to any person or entity with the exception of:

          (a)    the parties, attorneys of record in this action and all assistants, stenographic and clerical employees working under the direct supervision of such attorneys;

          (b)    any person not employed by a party but who is expressly retained by a party to this Order, or any attorney described in paragraph 5(a), to assist in litigation of this action with disclosure of confidential materials to be

        made only to the extent necessary to perform such work;

(c)     court reporters and any person before whom testimony is taken, except that such persons may be shown confidential materials or copies thereof; and,

(d)     the Court or its staff in connection with the Court's administration and adjudication of this action, all proceedings involving this Order shall be subject to the Order.

7.     <u>Undertaking a Person's Receiving Designated Materials</u>.  In no event shall any materials designated confidential be disclosed to any person (except those described in paragraph 6(c) and 6(d)) until that person has executed a written declaration in the form attached hereto as Exhibit "A" acknowledging he or she has read a copy of this Order and agrees to be bound thereby.  In the event the depositions of third-party witnesses during which confidential information is shown or revealed to the deponent, the party seeking to use such materials shall request that deponent execute a written declaration in the form attached hereto as Exhibit "A".  Unless such a declaration is obtained, confidential information shall not be disclosed to the deponent.

8.     <u>Limitations Upon the Scope of Order</u>.  Nothing contained in this Order shall affect the rights of the designating party to disclosure or use for any purpose the materials produced as confidential.  This Order shall not limit or affect the rights of any party to use or disclose any information or thing that has not been obtained through or derived as a result of this litigation.  Any information sought to this Order used at any trial loses its confidential status and is not subject to the terms of this Order.  Except that if any redacted documents are used, the redacted information shall not be disclosed

or produced.

9.      Within sixty (60) days of the termination of this action, including any appeals, any party who wants confidential materials returned by the opposing party shall notify counsel for the opposing party and the opposing party's counsel shall make arrangements to return all copies of confidential materials from the parties and others who are authorized by this Order to receive confidential materials after sixty (60) days following the termination of the action, including all appeals, the parties will destroy all materials marked confidential by the opposing party except that the attorneys of record may retain an opposing party's confidential materials but only for the purposes of preserving the file in this matter.

10.     Breach of this agreement may be punished by the contempt powers of the Court and may also give rise to a civil cause of action.

11.     Nothing in this Stipulated Protective Order constitutes a finding or admission that any confidential materials are in fact confidential or otherwise not subject to disclosure.  Any party may dispute the confidential nature of any confidential materials or that the confidential materials are in fact entitled to protection of this Order and may move the Court for removal of the confidential designation upon any such materials.  Nothing in this Order shall preclude the Court *sua sponte* from determining that a confidential designation is unwarranted and ordering the removal of such designation.  However, any information redacted as private medical information of persons receiving treatment, care or transport from defendant will remain redacted.

12.     The foregoing is entirely without prejudice to the right of any party to apply to this Court for any further Protective Order relating to any other document, information or issue or to modify this Order.

  13. <u>Duration of the Order</u>.  The confidentiality obligations imposed by this Order shall remain in effect unless otherwise expressly ordered by the Court.

 It is **ORDERED** on this 7th day of July, 2006, at Topeka, Kansas.

         <u>s/ K. Gary Sebelius</u>
         **K. Gary Sebelius**
         **U.S. Magistrate Judge**