IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

RONETTE ROBINSON,

        Plaintiff,

Vs.                                   No.  06-4042-SAC

MEDEVAC MIDAMERICA, INC.,
d/b/a/ AMERICAN MEDICAL RESPONSE,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion for judgment on the pleadings under Fed. R. Civ. Pro. 12(c).  When no response to that motion was filed, the court ordered plaintiff to show cause why the motion should not be considered and decided as an uncontested motion pursuant to D. Kan. Rule 7.4.  (Dk. 22).  No response has been received to that show cause order.

**Procedural background**

Plaintiff worked as a paramedic employed by defendant for an unstated period of time prior to her termination on March 12, 2004.  The stated reason for her termination was her failure to follow medical protocol in dealing with patients.  At the time of her termination, her position as a paramedic at defendant's Shawnee County, Kansas facility was subject to the terms and conditions of a collective bargaining agreement, a copy of which is attached to defendant's answer.  After she was terminated, plaintiff filed a grievance pursuant to the terms of the collective bargaining agreement.  When defendant denied the grievance, the Union did not

1

pursue her grievance to the next step, which was to send a written grievance to the company's designee.

Plaintiff filed a petition in state court on March 13, 2006, alleging that defendant breached an implied contract of employment created by defendant's policies and procedures employee handbook.  Defendant timely removed the case, contending that plaintiff's claim is preempted by Section 301 of the Labor Management Relations Act.[1]  Defendant then filed the present 12(c) motion to which plaintiff has not responded.

**Conversion**

Before addressing the substance of defendant's motion, the court finds it necessary to determine whether the motion should be addressed as a Rule 12(c) motion or as a summary judgment motion.  Rule 12(c) motions are adjudicated using the same standard for motions to dismiss under Rule 12(b)(6).  *Soc'y of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1240-41 (10th Cir.2005).  In ruling on a motion to dismiss, the district court is limited to the facts pled in the complaint.  *Burnham v. Humphrey Hospitality Reit Trust Inc*., 403 F.3d 709, 713 (10th Cir.2005).  Although plaintiff did not attach any documents to her petition, defendant attached its employee handbook and its collective bargaining agreement to its answer and invites the court to rely upon facts found in those documents which facts are not pled in plaintiff's petition.

A 12(b)(6) motion must be converted to a motion for summary judgment if

---

[1]Section 301 of the LMRA states in pertinent part: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  29 U.S.C. § 185(a).

"matters outside the pleading are presented to and not excluded by the court" and then "all parties ⋯ [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed.R.Civ.P. 12(b).  The same standard applies for converting a 12(c) motion to a motion for summary judgment.  *Lowe v. Town of Fairland, Okl*., 143 F.3d 1378, 1381 (10th Cir.1998).

The collective bargaining agreement attached to defendant's answer, although crucial to defendant's claim of preemption, is not referenced in plaintiff's complaint.  Although documents attached to a complaint are properly treated as part of the pleadings, documents attached to an answer are generally not properly treated as part of the pleadings for purposes of ruling on a motion to dismiss.  As the Tenth Circuit recently stated:

> Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss.  *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 964-65 (10th Cir.1994).  Ordinarily, consideration of material attached to a defendant's answer or motion to dismiss requires the court to convert the motion into one for summary judgment and afford the parties notice and an opportunity to present relevant evidence.  Fed.R.Civ.P. 12(b); *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996).

*Tal v. Hogan*,  453 F.3d 1244, 1265 (10th Cir. 2006).  *See Turgeau v. Administrative Review Bd.*, 446 F.3d 1052, 1055 (10th Cir. 2006) (treating motion to dismiss plaintiff's wrongful termination claim as a summary judgment where defendant's claim of preemption was supported by documents attached to the motion to dismiss).  This court's consideration of the collective bargaining agreement thus requires conversion of this motion into a summary judgment motion.

The other document attached to defendant's answer is the "American Medical Response Employee Handbook."  This appears to be the same document referenced in the petition as "Defendant's "Policies and Procedures Handbook," and defendant's "Policies and

3

Procedures manual." Dk. 3, p. 2-3. This document, if central to plaintiff's claim, may properly be submitted by defendant for consideration on a motion to dismiss. *See Smith v. Blue Dot Services Co.*, 283 F.Supp.2d 1200, 1203 (D.Kan. 2003).

> [I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.

*GFF Corp. v. Associated Wholesale Grocers, Inc*., 130 F.3d 1381, 1384 (10th Cir.1997) (finding that the plaintiff is obviously on notice of the document's contents in such a situation thus the rationale for conversion to summary judgment dissipates.) The court finds that the employee handbook is referred to in the petition and is central to plaintiff's wrongful termination claim, and its authenticity has not been questioned by plaintiff. Nonetheless, because defendant has presented the collective bargaining agreement which is not referenced in plaintiff's complaint, the court must convert defendant's motion to a summary judgment proceeding.

To properly convert a Rule 12(b) motion, the trial court is required to notify the parties of the conversion so that they may present all materials made relevant by Rule 56. *Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir.2000). The required notice may be actual or constructive. *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996). If, however, a party is not prejudiced by the conversion, then no reversible error occurs and the appellate court will proceed without remand, relying upon summary judgment standards. *Burnham v. Humphrey Hospitality Reit Trust, Inc*., 403 F.3d 709, 714 (10th Cir. 2005) (because plaintiff had the opportunity to introduce evidence that was not contained in the complaint, she was not prejudiced by converting the motion to dismiss to a motion for summary judgment without notice); *Gossett v. Barnhart,* 139 Fed.Appx. 24, 25, 2005 WL 1181154, *1 (10th

4

Cir.2005).

This case presents the unusual situation in which plaintiff will not be prejudiced by the court's conversion, without further notice, of defendant's motion from a judgment on the pleadings to a summary judgment motion.  The court, by issuance of its show cause order, gave plaintiff every opportunity to respond to the motion for judgment on the pleadings and to present evidence to rebut the defendant's evidence.  Nothing additional would be gained by issuance of a notice of conversion.  Plaintiff did not respond to defendant's motion for judgment on the pleadings, and did not respond to the court's show cause order.  Given plaintiff's pattern of non-response, the court has no reason to believe that she would respond in the event the court issued a notice of conversion.  The dispositive effect of granting a motion for judgment on the pleadings is equivalent to the effect suffered by plaintiff should the court grant a motion for summary judgment.  Accordingly, the court shall convert the motion into one for summary judgment without additional notice to the parties.

**Summary judgment standards**

A court grants a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure if a genuine issue of material fact does not exist and if the movant is entitled to judgment as a matter of law. The court is to determine "whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will ⋯ preclude summary judgment." *Id.* There are no genuine issues for trial if the record taken as a whole would not persuade a rational

5

trier of fact to find for the nonmoving party.  *Matsushita Elec. Indust. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). The court must view the evidence of record and draw all reasonable inferences in the light most favorable to the nonmovant. *Thomas v. International Business Machines*, 48 F.3d 478, 484 (10th Cir.1995).

The initial burden is with the movant to "point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992). If this burden is met, the nonmovant must "set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 671 (10th Cir.1998). (citations omitted).  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."  *Id.* A party relying on only conclusory allegations cannot defeat a properly supported motion for summary judgment.  *White v. York Intern. Corp*., 45 F.3d 357, 363 (10th Cir.1995). Only admissible evidence may be reviewed and considered in a summary judgment proceeding.  *See Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir.1995). The nonmovant's burden is more than a simple showing of "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." *Vasquez v. Ybarra*, 150 F.Supp.2d 1157, 1160 (D.Kan.2001) (citing *Gullickson v. Southwest Airlines Pilots' Ass'n*, 87 F .3d 1176, 1183 (10th Cir.1996); *see also* D.Kan. Rule 56.1(b)(1).

The summary judgment inquiry is essentially "whether the evidence presents a

sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.  More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

**Undisputed facts**

In addition to the facts set forth in the procedural background section, the following provisions of the employee handbook and collective bargaining agreement are relevant and undisputed.

The collective bargaining agreement which applies to plaintiff establishes certain procedures that must be used to resolve grievances.  As it states in Article V:

> The parties agree that in the event of a grievance concerning an interpretation of this contract, the following procedure shall be used to resolve the grievance.  The parties also agree that a settlement reached at any state of this procedure shall be final and binding.

Dk. 3, Exh. B, p. 6.  The steps enumerated in the grievance procedure require the affected employee to discuss the grievance orally with the supervisor within "four days of the occurrence or knowledge of the event giving rise to the grievance."  Dk. 3, Exh. B, p. 6.  If the grievance does not resolve within those four days, the Union Steward must present a grievance in writing to the Operations Manager within five days of the occurrence or reasonable knowledge thereof.  If the grievance is not resolved at the second stage, the Union must send a written grievance to the company's designee within ten days of the occurrence or reasonable knowledge thereof.  If the grievance remains unresolved, both parties shall present their facts and positions to a hearing panel, whose decision shall be considered by the company's designee.  If that fails to resolve the

7

grievance, the Union may request arbitration.  *Id.*

The terms of the collective bargaining agreement prevail over conflicting terms in the employee handbook.  As the employee handbook provides:

> The policies and procedures contained herein are provided to AMR employees represented by labor organizations as an information and reference tool.  This handbook is not intended either to establish terms and conditions of employment or to form a part of the collective bargaining agreement.  AMR reserves the right to implement changes to this handbook, with or without notice, in its sole discretion.  To the extent that any of these policies or procedures conflict with the terms and conditions of the collective bargaining agreement, the collective bargaining agreement will prevail.  If there are any issues or concerns regarding a particular policy or procedure, AMR remains willing to discuss them with the appropriate labor organization upon request.  AMR recognizes and respects its employees' right to be represented by a labor organization.  The implementation of this handbook is not intended to interfere with the labor organization's representation or to bypass the labor organization.

Dk. 3, Exh. C, p. 3.

The collective bargaining agreement provides that defendant will use a progressive disciplinary policy, but that some conduct warrants immediate discharge.

> The Employer agrees to use a progressive disciplinary policy, but the parties agree that certain conduct may result in immediate discharge.  Examples of types of conduct which may result in immediate discharge are illegal harassment, theft, conduct endangering human life, falsification of records, failure or refusal to submit to testing for the presence of drugs or alcohol in an employee's blood or urine, and possession or use of alcohol, narcotics, or weapons while on duty, or having scientifically measurable amounts of illegal drugs (or blood alcohol level above .08%) in the employee's body while at work.

Dk. 3, Exhibit B, p. 15.

**Removal/preemption**

Another procedural matter warrants the court's attention.  Even where removal to federal court is not opposed by the plaintiff, the federal court is obliged to remand a case sua sponte when it becomes apparent that subject matter jurisdiction is lacking.  Accordingly, the

court examines whether is has subject matter jurisdiction to decide this motion.

A suit may be removed to federal district court only if it could have been brought there originally. *See* 28 U.S.C. § 1441(a) (1982); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Id.* Plaintiff's complaint presents no federal question, and states solely a breach of an implied contract. She grounds her complaint solely on the employee handbook's provisions for progressive discipline prior to discharge, which she contends were not followed.

Generally, "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption····" *Id.* at 393. Under the "complete pre-emption" doctrine, however, the pre-emptive force of a statute [may be] so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 393.

Claims preempted by section 301 of the LMRA are removable federal claims. *See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557 (1968). "The law is well-settled that § 301 of the LMRA preempts any state law claim arising from a breach of the collective bargaining agreement." *Smith v. Hill's Pet Products, Inc.*, 1990 WL 41405, *2 (D.Kan. 1990) (citing cases).

Plaintiff does not contend that defendant has breached the collective bargaining agreement and makes no reference to that document in her petition. Nonetheless, after careful review of both the employee handbook and the collective bargaining agreement, the court finds

that the employee handbook upon which plaintiff relies is "inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers v. Lueck,* 471 U.S. 202, 213 (1985). Plaintiff's suit alleges defendant breached its obligation to use the progressive disciplinary policy before terminating her.  That obligation is embodied in the collective bargaining agreement, as quoted above.  Resolution of plaintiff's suit would therefore require this court to consider and interpret the terms of a collective bargaining agreement.  Federal law must be applied if the resolution of the state law claim depends upon the meaning of a collective bargaining agreement.  *Lingle v. Norge Division of Magic Chef, Inc*., 486 U.S. 399, 405-06 (1988). Consequently, plaintiff's claim is preempted by § 301 of the LMRA.  *See Cisneros v. ABC Rail Corp*., 217 F.3d 1299, 1303 (10th Cir.2000); *Garley v. Sandia Corp*., 236 F.3d 1200, 1211 (10th Cir.2001) (holding terminated union member's claim of breach of implied contract based exclusively on implied contracts created by defendant's Personnel Policy, Code of Ethics, and Director's Memo was preempted by § 301 of the LMRA). Subject matter jurisdiction is thus proper, as was defendant's removal of the case.

**Statute of Limitations**

A six-month statute of limitations applies to all cases brought under § 301.  *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983).  When "a union rejects or abandons an employee's claim during the grievance process, the six-month limitations period begins to run when the employee knew or "should have known ⋯ through the exercise of reasonable diligence that the Union had abandoned [her] grievance claim. *Lucas v. Mountain States Tel. & Tel*., 909 F.2d 419, 422 (10th Cir.1990)."  *Poole v. Southwestern Bell Telephone L.P.*, 86 Fed.Appx. 372, 374, 2003 WL 22977647,*2 (10th Cir. 2003).

Plaintiff was terminated on March 12, 2004.  Although she initiated the grievance process, the union abandoned her claim by not sending a written grievance to the company's designee.  This was required to be done, if at all, within ten days of the occurrence, *i.e.*, by March 22, 2004.  Plaintiff knew or should have known by that date or soon thereafter that the union had abandoned her grievance claim, but failed to file suit in state court until March 13, 2006, nearly two years later.   Defendant is entitled to summary judgment because plaintiff's claim was filed after the expiration of the applicable six month statute of limitations.

IT IS THEREFORE ORDERED that defendant's motion for judgment on the pleadings under Fed.R.Civ. Pro. 12(c) is converted to a motion for summary judgment under Fed. R. Civ. Pro. 56, and is granted.

Dated this 22nd day of September, 2006, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

11